## Grossman et vir v. Schectman

*A. B. Soffian*, for plaintiffs.

*A. H. Levitan*, for defendant.

SMITH, P. J., October 21, 1953.—In an action in trespass for personal injuries alleged to have been suffered by Katie Grossman as the result of the application of hair dye treatment, at the hands of defendant, the latter has, pursuant to Pa. R. C. P. 4005, filed a petition for discovery containing 15 interrogatories.

The interrogatories seek information as to the places, times and physicians where and by whom plaintiff received hospital and medical treatments, the special damage incurred, a statement of the precise person who applied the hair dye on the head of plaintiff, the time plaintiff first was aware that she was burned, the prior medical history of plaintiff relating to the physical area injured in the present action, the period during which plaintiff husband was deprived of his wife's companionship, comfort and society, and whether the wife received a permanent or "Toni" after the date of the alleged injury.

The facts requested in these interrogatories are wholly within the possession of plaintiffs and cannot be ascertained by defendant by any reasonable investigation. To have this information for a prima facie defense defendant is justified in having her interrogatories answered. In the case of Regency Clothes, Inc., v. Progressive Clothes, Inc., 78 D. & C. 450, 451, Mawhinney, J., held:

"Plaintiff contends that Rule 4011(c)(4) of the Pennsylvania Rules of Civil Procedure limits discovery where the facts sought are not necessary to prepare pleadings or to prove a prima facie claim or defense. A prima facie case is one in which the evidence presented is sufficiently strong to compel one's opponent to go forward in answer. A preliminary determination of what is or is not necessary to the proof of a prima facie claim or defense is, at best, an educated guess

in legal definition. The boundaries of a prima facie claim or defense are not clear. As in questions of relevancy, we must resolve doubts in favor of liberal allowance of revelation of factual questions. See Klosterman v. Clark, supra."

It is significant to observe that there are no limitations to the right of ascertaining the identity or whereabouts of witnesses. Where a plaintiff claims that defendant was negligent in applying a hair dye which burned the skin of plaintiff, she should state whether it was defendant herself or an agent of the latter: Barlow v. Waples, et al., 82 D. & C. 1.

As was held by Mr. Justice Murphy in Hickman, Administrator, v. Taylor et al., 329 U. S. 495:

"Mutual knowledge of all the revelant facts . . . is essential to proper litigation . . . "

In the case of Fetteroff et ux. v. Levick, etc., 80 D. & C. 523, Judge Flood held it would be "a travesty" to deprive defendant of plaintiffs' sworn answer to interrogatories regarding past medical history, visits to attending physicians, etc., merely because defendant's attorney has acquired the information informally from plaintiff pursuant to a routine medical examination conducted by defendant's physician. Dorfman v. Philadelphia Transportation Company et al., 79 D. & C. 380. Here the information desired is of sufficient gravity to demand that plaintiff answer.

We also are of the opinion that discovery should be approved to show special damage. As Henry T. Reath, Esq., in a brochure on discovery, has said:

"The opportunity afforded defendant to obtain from plaintiff detailed answers under oath to searching questions regarding special damages claimed is one of the few practical and effective discovery procedures which defense counsel can currently resort to."

Plaintiff should disclose if she was in fact burned, where she was burned, how long she suffered and for what period of time her husband was deprived of her

aid, comfort and companionship. For these reasons we make the following

*Order*

And now, to wit, October 21, 1953, the court approves of the interrogatories as propounded by defendant and orders answers thereto within 20 days.